COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Huff and Senior Judge Clements


TITO LOPEZ ROJAS

                                                              MEMORANDUM OPINION*
v.        Record No. 2332-11-3                                      PER CURIAM
                                                                   MAY 29, 2012
ROANOKE CITY DEPARTMENT
  OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                            Jonathan M. Apgar, Judge

            (Thomas E. Wray, on brief), for appellant.

            (Timothy R. Spencer, Acting City Attorney; Heather P. Ferguson,
            Assistant City Attorney; Joseph F. Vannoy, Guardian *ad litem* for
            the minor children, on brief), for appellee.


        Tito Lopez Rojas, appellant, appeals the order of termination of his residual parental rights

to his three children, M.R., T.R., and S.S.  Appellant argues the trial court abused its discretion in

finding he failed to demonstrate the ability to remedy the conditions which led to the children's

continued foster care placement, pursuant to Code § 16.1-283.  Upon review of the record and briefs

of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  Rule 5A:27.

                    When considering termination of parental rights, "the paramount
                    consideration of a trial court is the child's best interests."  "Where as
                    here, the court hears the evidence *ore tenus*, its finding is entitled to
                    great weight and will not be disturbed on appeal unless plainly wrong
                    or without evidence to support it."

Fauquier Cnty. v. Ridgeway, 59 Va. App. 185, 190, 717 S.E.2d 811, 814 (2011) (citations omitted).

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Connie E. Summit is the mother of appellant's three children. Her parental rights to the three children had been terminated while appellant was in Mexico, his place of origin, for about a year. Three months after the mother's rights were terminated, appellant returned to the United States and began working with the Department of Social Services with a goal of returning the children home. The Department offered services and imposed conditions for appellant to meet in an effort to return the children to him. Appellant had to attend parenting and English as a Second Language (ESL) classes, cooperate with supervised visitation, obtain independence and separate housing from Summit, maintain stable employment, and submit to a psychological evaluation.

The Department sought to terminate appellant's residual parental rights under Code § 16.1-283(B) and 16.1-283(C)(2). Code § 16.1-283(B) states, in pertinent part,

> The residual parental rights of a parent or parents of a child found by the court to be neglected or abused and placed in foster care . . . may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that:
>
> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
>
> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.

Code § 16.1-283(C)(2) provides, in pertinent part,

> The residual parental rights of a parent or parents of a child placed in foster care . . . may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that . . . [t]he parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end. Proof that the parent or parents, without good cause, have failed or been unable to make substantial progress towards elimination of the conditions which led

to or required continuation of the child's foster care placement . . . shall constitute prima facie evidence of this condition.

When appellant returned from Mexico, the children had already been found to be neglected and abused by their mother and were placed in foster care. Although appellant completed the parenting course, he was not able to apply what he had learned to his interaction with the children. The supervised visits were chaotic, and appellant was unable to redirect the children when they were acting inappropriately. Although appellant would replicate techniques he was shown during the visits, he would not apply the same skills on following visits. Further, appellant had difficulty communicating with the children because he speaks very little English and the children speak only English. Although appellant attended some ESL classes, he did not consistently attend or develop any proficiency in English. Appellant did not know or understand the special needs of his children, and even thought his youngest child had a heart problem, when she actually had severe asthma. Appellant did obtain housing independent from Summit, but continued to rely on her to communicate with the agencies and she appeared at the termination hearing in support of appellant.

The psychological examination revealed that appellant had little capability of making concrete plans for the future and that he had developmental delays which were reflected in his language difficulties, even in his native language. Although the psychologist reported that perhaps over the long term appellant might be able to improve some of his skills, it would require a great deal of determination. That determination was not demonstrated in his cooperation with the agencies working with him, as evidenced by his missed appointments and failure to stay in touch with the various providers to check on his children. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his or [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Notably, the evidence showed that the children were thriving and their performance in school, developmentally and socially, was improving while in foster care. The children had formed a strong bond with their foster parents, who were tending to their emotional and physical needs. All this evidence supports the trial court's conclusion that appellant was not able to correct or eliminate the problems that led to foster care placement and that it was in the children's best interests to terminate his residual parental rights.

Accordingly, the trial court did not err by terminating appellant's residual parental rights to all three children. For the foregoing reasons, the trial court's ruling is affirmed.

<u>Affirmed.</u>